UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,         Civil No.1:20-cv-509

vs.

$25,068.00 UNITED STATES CURRENCY,

  Defendant.
_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES Plaintiff, United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

### NATURE OF THE ACTION

1. This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America $25,068.00 United States Currency (the "Defendant Currency").

### THE DEFENDANT IN REM

2. The Defendant Currency consists of $25,068.00 in United States currency that was seized on or about September 17, 2019, by the Kentwood Police Department (KPD), and subsequently seized on or about October 2, 2019 by the Drug Enforcement Administration (DEA). The Defendant Currency is currently in the

1

custody of the United States Marshal Service (USMS).

## JURISDICITON AND VENUE

3.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found within this judicial district.

## BASIS FOR FORFEITURE

5.     As set forth below, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6.     On September 17, 2019, KPD officers responded to the Woodland Mall after mall security officers found an abandoned backpack inside the mall that contained the Defendant Currency, a black digital scale with white residue that

subsequently tested positive for methamphetamine, a black portable speaker, and lubricant.

7. The Defendant Currency was scattered in the backpack and consisted of $100 bills (188), $50 bills (123), $20 bills (4), $10 bills (1), $5 bills (1), and $1 bills (23).

8. Joseph Johnson subsequently claimed ownership of the abandoned backpack and the Defendant Currency.

9. On September 20, 2019, law enforcement interviewed Johnson about the abandoned backpack.

10. Johnson stated that on September 17, 2019, he drove from Kalamazoo, Michigan to Grand Rapids, Michigan to go to the mall.

11. Johnson stated that he realized he left the backpack in the mall after he was already on his way back to Kalamazoo. Johnson did not immediately return to the mall to retrieve the abandoned backpack and Defendant Currency. Instead, Johnson contacted KPD regarding the abandoned backpack and Defendant Currency.

12. Johnson denied ownership of the black digital scale with methamphetamine residue on it, and stated it was used for marijuana and belonged to a friend.

13. Johnson acknowledged that he has prior drug-related convictions, but stated he had not used methamphetamine in approximately 4 months.

14. Based on a review of law enforcement databases, Johnson has previously been convicted of at least eight drug-related criminal offenses:

    a. On October 26, 2009, in the 9th Circuit Court for Kalamazoo County, Johnson was convicted of felony controlled substance

3

      possession (cocaine, heroin, or another narcotic) less than 25 grams, and sentenced to 77 days in jail followed by 2 years of probation, case number 2008-1592-FH.

  b.  On October 4, 2010, in the 9th Circuit Court for Kalamazoo County, Johnson was convicted of felony controlled substance delivery/manufacture marijuana/synthetic equivalents, and sentenced to 120 days in jail, case number 2010-1508-FH.

  c.  On June 13, 2014, in the 9th Circuit Court for Kalamazoo County, Johnson was convicted of felony controlled substance possession of methamphetamine/ecstasy, and sentenced to 5 months in jail, case number 2013-1586-FH.

  d.  On April 27, 2016, in the 8th District Court for Kalamazoo County, Johnson was convicted of misdemeanor controlled substance possession of marijuana or synthetic equivalents, and sentenced to 11 days in jail, case number 2015-00823-SM.

  e.  On August 15, 2016, in the 9th Circuit Court for Kalamazoo County, Johnson was convicted of felony controlled substance possession of cocaine, heroin, or another narcotic less than 25 grams, and sentenced to 119 days in jail, case number 2016-0548-FH.

  f.  On October 23, 2017, in the 9th Circuit Court for Kalamazoo County, Johnson was convicted of felony controlled substance possession of marijuana or synthetic equivalents, and sentenced to 87 days in jail, case number 2017-0889-FH.

  g.  On March 19, 2018, in the 8th District Court for Kalamazoo County, Johnson was convicted of misdemeanor controlled substance possession of marijuana, and sentenced to 2 days in jail, case number 2017-12142-SM.

  h.  On October 8, 2018, in the 9th Circuit Court for Kalamazoo County, Johnson was convicted of felony controlled substance possession of methamphetamine/ecstasy, and sentenced to 1 year in jail, case number 2017-1893-FH.

15.  On October 14, 2019, the Michigan State Police Forensic Science Division confirmed that the white residue on the black digital scale in the backpack located next to the Defendant Currency was approximately 0.0441 grams of

methamphetamine, a Schedule II controlled substance.

16. On March 17, 2020, the Michigan State Police Forensic Science Division confirmed that Johnson's fingerprint was found on the black digital scale that contained methamphetamine residue and was found next to the Defendant Currency.

17. Upon information and belief, the Defendant Currency was furnished, or intended to be furnished, in exchange for drugs, constitutes the proceeds of drug trafficking, and/or was being used to facilitate violations of 21 U.S.C. §§ 841 and 846.

### CLAIM I

18. Plaintiff hereby re-alleges paragraphs 1 – 17, as referenced above.

19. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. Chapter 13, Subchapter I.

### CLAIM II

20. Plaintiff hereby re-alleges paragraphs 1 – 17, as referenced above.

21. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. Chapter 13, Subchapter I.

### CLAIM III

22. Plaintiff hereby re-alleges paragraphs 1 – 18, as referenced above.

23. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money used or intended to be used to

facilitate a violation of 21 U.S.C. Chapter 13, Subchapter I.

## REQUESTED RELIEF

Wherefore, the United States requests that the Court issue a warrant for the arrest of the Defendant Currency; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and that the Defendant Currency be condemned and forfeited to the United States of America and be delivered into the custody of the Drug Enforcement Administration for disposition according to law; and for such other relief as this Court may deem just and proper.

                                                 ANDREW BYERLY BIRGE
                                                 United States Attorney

Dated: June 5, 2020

DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## VERIFICATION

I am a Special Agent of the Drug Enforcement Administration with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __6-5-20__      _____
ALEXIS GIUDICE
Special Agent
Drug Enforcement Administration